UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Patrick McLaughlin,
    Plaintiff,

vs.                                                                                    10-1348

Duane Price, et al.,
    Defendants.

## MERIT REVIEW ORDER OF DISMISSAL

The plaintiff has filed a complaint pursuant to 42 U.S.C. Section 1983 against Lt. Duane Price, Sgt. Collinson, Steve Wright, Geraldo Acevedo, Mills and Sarah Johnson.

### Standard

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1] The merit review standard is the same as a motion to dismiss standard.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem SteelCorp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Allegations in other filings may be considered if consistent with the complaint, *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

1

2 (7th Cir. 1997), and attachments to the complaint are incorporated as part of the complaint, *see International Mktg., Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 729 (7th Cir. 1999). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

Background and Conclusion

The plaintiff filed his original complaint on November 2, 2010. Because that complaint violated Fed. R. Civ. Pro. Rule 20(a) and *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), it was stricken. Plaintiff was allowed 21 days to file an amended complaint. The amended complaint was filed on December 22, 2010. The plaintiff complains of alleged incidents of excessive force, deliberate indifference and retaliation that took place during the period September 5, 2007 through July 25, 2008 by the defendants, Lt. Duane Price, Sgt. Collinson, Steve Wright, Geraldo Acevedo, and Mills. He also complains that Sarah Johnson retaliated against him by failing to investigate the "situation" and knowingly disregarded her obligation to protect the plaintiff from further threats and retaliation and that she had a duty to report possible assault by staff against inmates and she did not take any steps to do so.

The plaintiff's claims for the period September 5, 2007 through July 25, 2008 against Lt. Duane Price, Sgt. Collinson, Steve Wright, Geraldo Acevedo, and Mills are barred by the Illinois two-year statute of limitations. *See* 735 ILCS 5/13-202 and *Lucien v. Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998). Plaintiff filed his lawsuit more than two years after those claims arose.

As to Johnson, first, the plaintiff reported the alleged excessive force, retaliation, "deliberate indifference" and those concerns were investigated several months before his grievance reached Ms. Johnson. Furthermore, the plaintiff has no constitutional right to an investigation by Ms. Johnson, member of the Administrative Review Board. The investigation by staff at the plaintiff's place of incarcerated resulted in the plaintiff receiving a June 12, 2008-disciplinary report for giving false information to an employee – lied about staff assaulting him. Second, his grievance was not about excessive force, but instead he was grieving about the staff's conduct as it related to claims of retaliation for violation of his right to free speech under the First Amendment, due process and the June 12, 2008 disciplinary charges for which he had been found guilty. The plaintiff has not named or described any protected conduct that he is claiming was a motivating factor for the alleged retaliation by Ms. Johnson. Therefore, the court finds Ms. Johnson's denial of the plaintiff's grievance was not motivated by the plaintiff's exercise of any constitutionally protected right. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). Furthermore, the only deprivations the plaintiff received were three months C-grade and 15 days segregation. Ms. Johnson concurred with the Adjustment Committee's decision regarding the punishment. Many of the penalties imposed after prison disciplinary hearings do not implicate due process interests. *See, e.g., Sandin v. Conner*, 515 U.S. 472 (1995)(segregation in prison does not implicate procedural due process). Disciplinary segregation itself does not necessarily implicate the due process clause, if "such segregation does

not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Simply put, there is no liberty interest in avoiding segregation absent a showing of a significant deprivation atypical of prison life. The plaintiff has made no allegations regarding the conditions of his confinement while in segregation. *See also Whitford v. Boglino*, 63 F.3d 527, 533 n.7 (7th Cir. 1995)(Demotion in grade status does not implicate federal due process rights).

Based on the foregoing,

1. Pursuant to 735 ILCS 5/13-202 and *Lucien v. Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998), the plaintiff's claims against Lt. Duane Price, Sgt. Collinson, Steve Wright, Geraldo Acevedo, Mills are dismissed. As these are the only claims against these defendants, they are terminated as defendants in this lawsuit.
2. Pursuant to Fed. R. Civ. Pro. Rule 12(b)(6), the plaintiff's claim against Sarah Johnson is dismissed for failure to state a claim upon which relief may be granted. As this is the only claim against Ms. Johnson, she is terminated as a defendant in this lawsuit.
3. Pursuant to 28 U.S.C. §1915A, 735 ILCS 5/13-202, *Lucien v. Jockisch*, 133 F. 3d 464, 466 (7th Cir. 1998) and Fed. R. Civ. Pro. Rule 12(b)(6), the clerk of the court is directed to terminate the plaintiff's entire lawsuit, with prejudice, forthwith.
4. Although his lawsuit is dismissed, the plaintiff is still obligated to pay the filing fee in full. *See* 28 U.S.C.A. § 1915(b)(1). The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.
5. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this       day of January 2011.

/s/ Joe B. McDade
_____
Joe Billy McDade
Sr. United States District Judge